**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ERIC MALONE, #302249,

                Petitioner,

                                    CIVIL NO. 2:22-CV-12959

vs.                               HON. BERNARD A. FRIEDMAN

JAMES SCHIEBNER,

                Respondent.

_____/

**OPINION AND ORDER HOLDING IN ABEYANCE THE
PETITION FOR WRIT OF HABEAS CORPUS AND
ADMINISTRATIVELY CLOSING THE CASE**

      Eric Malone, confined at the Muskegon Correctional Facility in Muskegon,

Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. §

2254 challenging his conviction for delivery of less than fifty grams of cocaine,

delivery of less than fifty grams of heroin, delivery of less than fifty grams of

oxycodone, delivery of less than fifty grams of hydrocodone, and fourth degree child

abuse.  Malone also asks this Court to equitably toll the limitations period for filing

habeas petitions contained in 28 U.S.C. § 2244 (d)(1).  For the reasons stated below,

the Court denies the request to equitably toll the limitations period as premature.

Malone's claims have not been properly exhausted with the state courts.  In lieu of

dismissing the petition without prejudice, the Court holds the petition in abeyance

so that Malone can properly exhaust his claims with the state courts.

1

## I.  Background

Malone pleaded guilty in the Macomb County Circuit Court.

The Michigan Court of Appeals affirmed Malone's conviction. *People v. Malone,* No. 356377 (Mich. Ct. App. Apr. 21, 2021) (ECF No. 1, PageID.28).

The Clerk of the Michigan Supreme Court rejected Malone's application for leave to appeal on July 9, 2021, because it was filed after the 56 day deadline for filing an application for leave to appeal to the Michigan Supreme Court. (ECF No. 1, PageID.30).

Malone now seeks habeas relief from this Court.

## II. Discussion

The petition is subject to dismissal because it contains claims that have not been properly exhausted with the state courts.

As an initial matter, Malone asks this Court to equitably toll the limitations period for filing habeas petitions contained in 28 U.S.C. § 2244(d).  Malone asks for the limitations period to be equitably tolled because he did not receive timely notice of the Michigan Court of Appeals' decision to deny him leave to appeal his conviction, which in turn lead the Michigan Supreme Court to deny as untimely his application for leave to appeal to that court.

In so far as Malone seeks to equitably toll the one year statute of limitations for habeas petitions, this request is premature.  Respondent has yet to file an answer

to the petition for writ of habeas corpus. Although this Court may raise the limitations issue on its own motion, it is under no obligation to do so. *Day v. McDonough*, 547 U.S. 198, 209 (2006). If the Court chose to raise the limitations issue, it would be required to provide notice to Malone and an opportunity to respond to the limitations question. *Id.* at 210. Until such time as the limitations issue is raised by respondent or this Court through proper notice to the parties, Malone's request for equitable tolling will be denied as premature. *See Bynum v. Smith*, No. 4:07-CV-12767, 2008 WL 160380, at *1 (E.D. Mich. Jan. 15, 2008).

Malone's claims, nonetheless, have not been properly exhausted with the state courts.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust his available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b), (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971). In order to exhaust a claim for federal habeas review, a petitioner must present each ground to both state appellate courts, even where the state's highest court provides only discretionary review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 845-47 (1999)). Although exhaustion is not a jurisdictional matter, "it is a threshold question that must be resolved" before a federal court can reach the merits of any claim contained in a habeas petition. *See Wagner v. Smith,* 581 F.3d 410, 415 (6th Cir. 2009). Therefore, each claim must be reviewed by a federal court for exhaustion before any

3

claim may be reviewed on the merits by a federal court. *Id.* Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See Pliler v. Ford*, 542 U.S. 225, 230 (2004). In the present case, the petition is subject to dismissal because none of Malone's claims have been properly exhausted with the state courts.

A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas corpus relief. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Mohn v. Bock*, 208 F.Supp.2d 796, 800 (E.D. Mich. 2002). Because Malone failed to raise his claims before the Michigan Supreme Court in a timely manner, the claims are unexhausted. *See, e.g.*, *Rupert v. Berghuis*, 619 F. Supp. 2d 363, 367 (W.D. Mich. 2008) (habeas petitioner failed to exhaust his state remedies as result of his failure to file timely appeal to Michigan Supreme Court).

Malone could exhaust his claims by filing a post-conviction motion for relief from judgment under Michigan Court Rule 6.502 with the Macomb County Circuit Court. *See Wagner*, 581 F.3d at 419. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. MCR 6.509; MCR 7.203; MCR 7.303; *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of Malone's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death

4

Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for a stay of a habeas petition arises when the original petition was timely filed but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano*, 300 F. 3d 717, 720-21 (6th Cir. 2002).

The U.S. Supreme Court indicated that a habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

Malone's claims do not appear to be "plainly meritless." *Wagner*, 581 F.3d at 419. "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *DiGuglielmo*, 544 U.S. at 416 (cleaned up). Malone appeared to believe that the Michigan Supreme Court would accept his untimely application for leave to appeal if he provided them with evidence that he did not receive the Michigan Court of

Appeals' decision in a timely manner. Malone's confusion about whether his late application for leave to appeal with the Michigan Supreme Court would be accepted and thus delay the commencement of the limitations period here is good cause to hold the petition in abeyance. Finally, the mere fact that Malone's claims are unexhausted does not prevent this Court from holding his petition in abeyance. *See Robinson v. Horton*, 950 F.3d 337, 347 (6th Cir. 2020).

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. To ensure that Malone does not delay in exhausting his state court remedies, the Court imposes upon Malone time limits within which he must proceed. Malone must present his claims in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. If the conditions of the stay are not met, "the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (cleaned up).[1]

---

[1] This Court has the discretion to stay the petition and hold it in abeyance even though Malone did not specifically request this Court to do so. *See, e.g.*, *Banks v. Jackson*, 149 F. App'x. 414, 422, n.7 (6th Cir. 2005).

6

### III.  ORDER

Accordingly, **IT IS ORDERED** that Malone may file a motion for relief from judgment with the state court within **ninety (90) days** of this Court's order.   If Malone fails to file a motion for relief from judgment with the state courts by that date, the Court will dismiss the present petition without prejudice.

If Malone files a motion for relief from judgment, he shall notify this Court that such motion papers have been filed in state court.  This case shall then be held in abeyance pending Malone's exhaustion of the claim or claims.

Malone shall re-file his habeas petition within **ninety (90) days** after the conclusion of the state court post-conviction proceedings, using the same caption and case number.  Malone is free at that time to file an amended habeas petition which contains any newly exhausted claims.

Failure to comply with any of the conditions of the stay could result in the dismissal of the habeas petition. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter.  It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition

following exhaustion of state remedies, the Court will order the Clerk to reopen this

case for statistical purposes.


s/Bernard A. Friedman

Dated: December 16, 2022
Detroit, Michigan

Bernard A. Friedman
Senior United States District Judge


**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 16, 2022.

**Eric D. Malone** #302249
MUSKEGON CORRECTIONAL FACILITY
2400 S. SHERIDAN
MUSKEGON, MI 49442

s/Johnetta M. Curry-Williams

Case Manager